IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antrel Jermain Fordham, # 262332, ) <br> a/k/a Antrel Jermaine Fordham, ) <br>   ) <br> Plaintiff, ) <br>   ) <br> vs. ) <br>   ) <br> N. Fleischmann, R.N.; L. Mauney, R.N., ) <br> in their individual capacity, ) <br>   ) <br> Defendant. ) <br>   ) <br> _____ ) | Civil Action No. 6:14-1093 <br><br><br><br> **ORDER** |

This matter comes before the Court on the Report and Recommendation ("R & R") (Dkt. No. 43) of the Magistrate Judge recommending that the Court grant Defendants' motion for summary judgment and deny Plaintiff's motion for summary judgment. (Dkt. Nos. 21, 31).[1] The matter was referred to the Magistrate Judge for pre-trial handling pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC. Plaintiff asserts in his complaint that Defendants violated his constitutional rights under the Eight Amendment of the United States Constitution by being deliberately indifferent to his serious medical needs. He asserts that despite repeated complaints to Defendants concerning foot pain he has not received any treatment effective at eliminating his chronic pain that apparently arises from a 1998 gun shot wound to his left foot. Defendants, two nurses employed by the South Carolina Department of Corrections at the Lieber Correctional Institute, have denied liability, asserting procedural defenses of *res judicata* and a

---

[1] The R & R incorrectly listed the civil action number of this matter as 2:14-1093. (Dkt. No. 43 at 1). The correct civil action number is 6:14-1093, as reflected in the caption above.

failure to exhaust administrative remedies and a substantive defense that they have not been deliberately indifferent to the serious medical needs of Plaintiff.

The Plaintiff's medical record while an inmate at the South Carolina Department of Corrections, which was attached to the Defendants' motion for summary judgment, indicates that during the period from January 28, 2013 until March 31, 2014, Plaintiff was seen and examined by a physician concerning foot related pain at least three times and by a nurse at least nine times.[2] The record further shows that Plaintiff had x-rays of his foot ordered on several occasions and was prescribed a variety of non-narcotic pain medications, including Naproxen, Salsalate, Motrin, Mobic and Tylenol. (Dkt. No. 31-5 at 23-28, 30, 33-34, 36-38). The diagnostic studies and physical examinations failed to reveal any significant physical abnormality. (*Id.* at 24-25, 27-28, 30, 33, 38).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection has been made. The Court may "accept, reject, or modify, in whole or in part, the findings or recommendation of the Magistrate Judge." 28 U.S.C. § 636(b)(1).

After a careful review of the record in this matter, the R & R and the Plaintiff's

---

[2] Plaintiff instituted previous litigation in the District Court regarding alleged deliberate indifference to his foot ailment, which was dismissed by the District Court and affirmed by the Fourth Circuit. *Fordham v. Moore et al.*, C.A. No. 2:12-974 (D.S.C. 2013); *aff'd* 520 Fed. App'x 192 (4th Cir. 2013). The Magistrate Judge correctly determined that any claim relating to medical care concerning Plaintiff's feet applicable to this earlier case (which covered the period through January 28, 2013) was barred by *res judicata.* (Dkt. No. 43 at 4-6).

objections, the Court finds that the Magistrate Judge ably and accurately evaluated the factual record and correctly concluded that the Defendant was entitled to summary judgment and the Plaintiff was not. To survive a motion for summary judgment in a deliberate indifference claim, the Plaintiff must provide evidence, taken in a light most favorable to Plaintiff as the non-moving party, that the Defendants were deliberately indifferent to a serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 832-35 (1994). The Court agrees with the Magistrate Judge that the evidence offered, even when viewed in a light most favorable to the Plaintiff, does not support a claim of deliberate indifference. To the contrary, the record demonstrates the performance of multiple medical and nursing evaluations, diagnostic studies and alternative medicinal therapies in an effort to provide Plaintiff with relief from his foot pain symptoms. Further, the Magistrate Judge correctly concluded that the Defendant was also entitled to summary judgment on the basis of a failure to exhaust administrative remedies and partial summary judgment (for all claims on or before January 28, 2013) on the basis of *res judicata*.

Therefore, the Court hereby **ADOPTS** the R & R of the Magistrate Judge as the order of this Court. The Court **GRANTS** Defendants' motion for summary judgment (Dkt. No. 31) and **DENIES** Plaintiff's motion for summary judgment. (Dkt. No. 21). This action is dismissed with prejudice.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
January 13, 2015